## HARLEY J. CONAWAY *vs.* JAMES P. DUKES.

1. NEGLIGENCE—EVIDENCE—PRESUMPTIONS.

Negligence is never presumed, and when it is the basis of recovery, it must always be proven by the person seeking the recovery.

2. LIVERY STABLE KEEPERS—ACTION FOR INJURY TO HORSE.

In an action by a liveryman for the death of a horse claimed to have been killed by the hirer's negligence, the liveryman has the burden of establishing by the preponderance of the evidence the negligence complained of, and that it was the proximate cause of the death of the horse.

3. LIVERY STABLE KEEPERS—HIRE OF HORSE—DUTY OF HIRER.

One who hires a horse is without special contract bound to use and treat the horse with such care and consideration as a reasonably prudent man would use toward his own horse under like circumstances, having regard to the known and apparent condition of the animal, the character of the weather, the conditions of the road, and the distance.

4. LIVERY STABLE KEEPERS—LIABILITY FOR HIRE OF HORSE.

When the hirer of a horse agrees upon the distance to be traveled, he is liable for any injury to the animal occasioned by driving a farther distance; but if the horse is desired for a trip with only a general destination, the liveryman is supposed to know the ability of his horse to stand the trip, and if it is injured from natural causes the hirer is not liable.

(<em>February</em> 12, 1914.)

Judges CONRAD and WOOLLEY sitting.

*John M. Richardson* and *Robert G. Houston* for plaintiff.

*Robert C. White, James M. Tunnell, Charles W. Cullen, Daniel J. Layton, Jr.,* and *Andrew J. Lynch* for defendant.

Superior Court, Sussex County, February Term, 1914.

ACTION ON THE CASE (No. 12, April Term, 1913) by Harley J. Conaway against James P. Dukes to recover damages for the loss of a mare, hired by the plaintiff, a liveryman, to the defendant, sheriff of the county, and driven by the latter's deputy; it being alleged that the mare was driven so much further than she was hired to be driven, and that the defendant's agent took so little care of her, that she died from exhaustion a short time after being returned to the plaintiff's stable in Georgetown.

The defendant contended that he had a contract with plaintiff for the hire of teams to drive indefinite distances, for the price paid for the hire of the mare upon the occasion in question, that he hired the mare from the plaintiff to drive "somewhere in the neighborhood of Seaford, Del."; that he found it necessary to drive seven and one-half miles beyond Seaford, and paid plaintiff the stipulated price for such a trip; that the roads were heavy in some places and good in others; that his agent drove the mare at a moderate gait and that he watered, but did not feed, the mare, as the plaintiff told him that it was not necessary to feed her; that the mare was sluggish on the trip and early developed scours; that her death was not due to any abuse or neglect on his deputy's part, but was caused by plaintiff causing to be administered to the mare, while she was suffering from congestion of the lungs, a drug known as arecoline.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is not an action upon a contract of bailment for hire, as the evidence of a contract between the parties to this action would seem to indicate, but it is an action declared upon and pleaded to in case, whereby the plaintiff seeks to recover damages for the loss of his mare which he alleges was occasioned by the negligent acts of the defendant's servant, first, in wrongfully and injuriously driving the mare a greater distance than she should have been driven, second, in driving her unreasonably and immoderately, and third, in failing to give the mare reasonable and proper care and attention.

The defendant in support of his plea of not guilty, denies the acts of negligence attributed to his servant, and charges that

the plaintiff suffered the loss of his mare by the negligent act of the plaintiff's own servant in administering to the mare a drug that was fatal to her when administered in her condition.

It thus appears that as this case is brought and pleaded, the gist of the action is negligence, the question for your determination being whether in this case negligence existed and if so to whom is it chargeable.

[1, 2] Negligence is never presumed, it must always be proved; and when it be the basis of recovery, it must be proved by the one seeking to recover therefor.

If in this case you find that the plaintiff lost his mare through the negligence of any one, the plaintiff can recover only when he proves to you by a preponderance of the evidence, that such negligence was the negligence of the defendant, through his agent, and that such negligence was the proximate cause of the death of the mare, without negligence on the part of the plaintiff or of his agent, entering into or contributing to it.

[3] One who hires a horse from another, owes a duty to the owner, without a special contract to that end, to use and treat the horse with such care and consideration as a reasonably prudent man would use and treat his own horse under like circumstances, regard being given to the known or apparent condition of the animal, the character of the weather and the condition of the roads, and the distance traveled and to be traveled. The maximum of care in the use and treatment of a hired horse is not demanded of one hiring a horse, as the law requires a man to take only such care, and just such care, of a thing hired, as he would take of a thing he owned, there being upon him the legal duty simply to treat and use it in such manner, as a man of ordinary prudence and discretion would treat and use his own property. *Early v. Wilson*, 2 *Harr*. 47.

If in this case it appears by the evidence, that the driver of the mare, who is admitted to be the defendant's agent and whose acts therefore become the acts of the defendant himself, abused, misused or neglected the mare in all or in any one of the several ways alleged, whereby and by reason whereof, the mare suffered the injuries from which she died, whether such injuries resulted

while she was traveling a distance agreed upon or while traveling a distance greater than that agreed upon, your verdict should be for the plaintiff.

[4] With regard to the controversy between the parties to this action respecting the distance for which the mare was hired to travel, we say to you, that if you find that the defendant contracted with the plaintiff to hire the mare for a trip limited from Georgetown to Seaford, and in fact the defendant's agent drove the mare a further distance, and if you also find that the extra driving of the mare for the extra distance was the cause of the alleged injury to and subsequent death of the mare, your verdict should be for the plaintiff.

On the other hand, one who hires to another a horse to travel a given distance, or to make a trip with a general destination, without the precise distance being known, is presumed to know the condition of the horse to travel and withstand the fatigue of such a trip, and he assumes the risk of injury to and loss of his horse from natural and normal causes occurring or arising during the time the distance is being traveled; and if injury to his horse occurs from such causes, and not from abuse, misuse or neglect by the one who drives the horse, the owner cannot recover his loss, in an action at law, from the one to whom the horse is hired. Therefore, in this case, if the mare died from any ailment, or because of any treatment for any ailment, or from any cause other than from an ailment, or a cause arising from the alleged neglect and misuse of her by the defendant's agent, the plaintiff cannot recover, and your verdict should be for the defendant.

Should you find for the plaintiff, your verdict should be for such an amount as, under the testimony in this case, will recompense him for the loss of the mare.

Verdict for plaintiff.